THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMEL FERGUSON, Appellant. [862 NYS2d 95]—

Appeal by the defendant from an order of the County Court, Suffolk County (Hinrichs, J.), dated May 5, 2006, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the County Court, Suffolk County, for a new hearing and determination in accordance herewith.

At a hearing to determine the defendant's sex offender status under the Sex Offender Registration Act (Correction Law art 6-C [hereinafter SORA]), the People sought and were granted leave to amend the risk assessment instrument (hereinafter RAI) to correct what they characterized as a "typographical error." The People argued that it was clear from the case summary that the Board of Examiners of Sex Offenders (hereinafter the Board) assessed 10 points under risk factor 12 (failure of the defendant to accept responsibility for his acts) when the Board intended to assess such points under risk factor 13 (unsatisfactory conduct by the defendant while confined/supervised). Further, the People argued that, because they were not seeking a designation different from the one recommended by the Board, since both sought a designation of the defendant as a level three sex offender, they need not have provided the defendant or the court with the prior written notice required by

Correction Law § 168-n (3). Finally, the People asserted that no adjournment was warranted and that the hearing should proceed. The defendant objected to the lack of prior written notice of the proposed amendment to the RAI, and argued that he had prepared a rebuttal of the RAI as drafted. He asserted that the People had sought the amendment only after he announced that he would be challenging the points assessed under risk factor 12. The court granted the amendment and adjudicated the defendant a level three sex offender. We reverse and remit the matter to the County Court, Suffolk County, for a new hearing and determination.

In relevant part, Correction Law § 168-n (3) provides that, "[i]f the district attorney seeks a determination that differs from the recommendation submitted by the board, at least ten days prior to the determination proceeding the district attorney shall provide to the court and the sex offender a statement setting forth the determinations sought by the district attorney together with the reasons for seeking such determinations." Here, the District Attorney sought determinations that differed from the recommendation submitted by the Board. We do not interpret the phrase "recommendation submitted by the board" to be limited to the total points assessed and the recommended sex offender level designation. Rather, it also includes the factual predicate for the recommendation. Indeed, the factual predicate for the Board's recommendation is the heart of the RAI, which frequently provides the ground upon which a defendant may find a basis to challenge a recommendation. This necessarily implicates the exact risk factor categories under which points are assessed. Thus, the People should have provided the defendant and the court with prior written notice of the proposed amendment to the RAI. Since such notice was not provided, and the defendant was not otherwise afforded a meaningful opportunity to respond to the proposed amendment, the order must be reversed (*see People v Farchione,* 27 AD3d 1166 [2006]; *People v Davila,* 299 AD2d 573 [2002]; *People v MacNeil,* 283 AD2d 835 [2001]; *cf. People v Jordan,* 31 AD3d 1196 [2006]; *People v Inghilleri,* 21 AD3d 404 [2005]). However, the new hearing to be held is to be limited to the 10 points challenged since the defendant conceded the propriety of all other points assessed. Rivera, J.P., Ritter, Miller and Dillon, JJ., concur.