■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICIA GARDNER, Appellant. [874 NYS2d 183]—

Appeal by the defendant from an order of the County Court, Orange County (DeRosa, J.), dated December 18, 2007, which, after a hearing, designated her a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the County Court, Orange County, for a reopened hearing and a new determination in accordance herewith.

The risk assessment instrument (hereinafter the RAI) prepared by the Board of Examiners of Sex Offenders (hereinafter the Board), as required by the Sex Offender Registration Act

(Correction Law article 6-C, hereinafter SORA), assessed the defendant a total of 110 points for risk factors 2, 4, 5, 11, 12, and 14, and assessed no points for the remaining risk factors, including risk factors 1 and 3. The RAI was submitted to the County Court.

At the SORA hearing, without prior notice to the defendant, the People sought to have the court assess the defendant points for risk factors 1 and 3. Over the defendant's objections, the court permitted the People to go forward on the issue of whether points also should be assessed for these two risk factors.

After the parties rested, the court determined to assess the defendant points for risk factors 1 and 3, as well as on some of the other risk factors to which she had objected. The court granted the defendant's request not to assess her points for risk factor 14. It scored her with a total of 115 points, and designated her a level three sex offender. We now reverse and remit the matter to the County Court, Orange County, for a reopened hearing and a new determination thereafter.

As the People correctly concede, the defendant did not receive the required statutory notice before they sought a determination different from that recommended by the Board in the RAI (*see* Correction Law § 168-n [3]). Since the People failed to give the defendant the required notice, and the court did not afford the defendant a meaningful opportunity to otherwise respond to the People's application, the order must be reversed (*see People v Ferguson*, 53 AD3d 571, 572 [2008], and cases cited therein). However, the reopened SORA hearing is to be limited to a determination of whether points were properly assessed for risk factors 1 and 3, and for a new determination of the defendant's risk offender level thereafter.

Contrary to the defendant's contention, the County Court properly admitted the case summary into evidence at the SORA hearing (*see People v Mingo*, 49 AD3d 148, 150-153 [2008]; *People v Smith*, 5 AD3d 752 [2004]). Florio, J.P., Covello, Balkin and Leventhal, JJ., concur.