THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAINE HOWELL, Appellant. [918 NYS2d 364]—

After a hearing pursuant to the Sex Offender Registration Act to determine the defendant's risk level (*see* Correction Law § 168-a *et seq.*), the County Court properly assessed the defendant 20 points under risk factor 6 based on the complainant's grand jury testimony that she was sleeping at the beginning of the incident and was thus "physically helpless" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 11 [2006]; *see* Penal Law § 130.00 [7]; *People v Caban*, 61 AD3d 834, 835 [2009]). Moreover, contrary to the defendant's contention, the imposition of 20 points under risk factor 6 based on the complainant's physical helplessness and the imposition of 10 points under risk factor 1 based on the defendant's use of forcible compulsion during the incident did not constitute double-counting. The complainant stated that the defendant continued to force himself upon her after she had awakened, and the two factors represent "cumulative, not duplicative, predictors of re-offense" (*People v Pietarniello*, 53 AD3d 475, 476 [2008]; *see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 7, 11 [2006]).

We agree with the defendant that it was improper for the

County Court to assess 15 points under risk factor 11 for a history of drug or alcohol abuse. The defendant was provided with no notice prior to the hearing that the County Court was considering assessing points under this factor, and he had no meaningful opportunity to contest the imposition of points under this factor (*see People v Gardner*, 59 AD3d 604, 605 [2009]; *People v Ferguson*, 53 AD3d 571, 572 [2008]). Nevertheless, deducting these 15 points from the total points assessed against the defendant does not alter his presumptive risk level (*see People v Mabee*, 69 AD3d 820 [2010]; *People v Mercado*, 55 AD3d 583 [2008]).

Accordingly, the County Court properly designated the defendant a level two sex offender. Covello, J.P., Chambers, Lott and Cohen, JJ., concur.