# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

655

**KA 11-00404**

PRESENT: SCUDDER, P.J., SMITH, CARNI, LINDLEY, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                           MEMORANDUM AND ORDER

LASHAWN J. SCOTT, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JAMES ECKERT OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

---

Appeal from an order of the Monroe County Court (Frank P. Geraci, Jr., J.), entered January 24, 2011. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs and the matter is remitted to Monroe County Court for further proceedings in accordance with the following Memorandum: Defendant appeals from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 *et seq.*). We agree with defendant that County Court erred in granting the People's request, made for the first time at the SORA hearing, to assess 20 additional points for risk factors that were not included in the risk assessment instrument, and therefore to determine that defendant is a level three risk rather than a level two risk. As the People correctly concede, they failed to provide defendant with the requisite 10-day notice that they intended to seek a determination different from that recommended by the Board of Examiners of Sex Offenders (*see* § 168-n [3]; *People v Gardner*, 59 AD3d 604), and the court otherwise failed to provide defendant with "a meaningful opportunity to respond to the proposed amendment" (*People v Ferguson*, 53 AD3d 571, 572; *cf. People v Warren*, 42 AD3d 593, 594, *lv denied* 9 NY3d 810). Furthermore, defendant properly objected to the People's request (*cf. People v Charache*, 9 NY3d 829, 830). Because defendant was denied his due process rights by the assessment of the additional points, we reverse the order, thereby vacating defendant's risk level determination, and we remit the matter to County Court for further proceedings in compliance with Correction Law § 168-n (3) (*see People v Hackett,* 89 AD3d 1479, 1479-

1480).