◼ The People of the State of New York, Respondent, v Hugh Scala, Appellant. [5 NYS3d 502]—

Appeal by the defendant from an order of the County Court,

Rockland County (Nelson, J.), dated May 21, 2013, which, after a hearing, designated him a level two sexually violent offender pursuant to Correction Law article 6-C.

Ordered that the order is reversed, on the law, without costs or disbursements, and the defendant is designated a level one sexually violent offender.

The defendant was assessed 75 points on the risk assessment instrument, rendering him presumptively a level two sex offender. At issue is the assessment of 20 points for a continuing course of sexual contact. Without those 20 points, the defendant is assessed only 55 points, rendering him presumptively a level one sex offender. The fact that he was convicted of criminal sexual act in the first degree renders him a sexually violent offender (*see* Correction Law § 168-a [3]).

The People bear the burden of establishing, by clear and convincing evidence, the facts supporting the assessment of points under the Guidelines issued by the Board of Examiners of Sex Offenders under New York Sex Offender Registration Act (*see* Correction Law § 168-n [3]; *People v Gillotti*, 23 NY3d 841, 861-862 [2014]; *People v Green*, 112 AD3d 801 [2013]). That burden may be satisfied with the admission of reliable hearsay evidence (*see People v Mingo*, 12 NY3d 563, 574 [2009]). Among the factors considered in evaluating the reliability of proffered hearsay evidence are whether the proof is corroborated by the nature of the conviction or other evidence in the record, whether the declarant was under oath or was acting under a duty to accurately report, and whether the circumstances surrounding the making of the statement otherwise bear indicia of reliability (*see id*).

The evidence adduced at the hearing failed to establish by clear and convincing evidence that the defendant engaged in a continuing course of sexual contact (*see People v DeDona*, 102 AD3d 58, 64 [2012]). Accordingly, the defendant should be designated a level one sexually violent offender (*see People v Richards*, 112 AD3d 685 [2013]). Dillon, J.P., Leventhal, Sgroi and Hinds-Radix, JJ., concur.