# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

363

KA 14-00544

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                              MEMORANDUM AND ORDER

VINCENT OWENS, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JAMES ECKERT OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

---

Appeal from an order of the Monroe County Court (Victoria M. Argento, J.), entered February 10, 2014. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by determining that defendant is a level one risk pursuant to the Sex Offender Registration Act and as modified the order is affirmed without costs.

Memorandum: On appeal from an order determining that he is a level two risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 *et seq*.), defendant contends that the People failed to notify him within 10 days prior to the SORA hearing that they intended to seek a determination different from that recommended by the Board of Examiners of Sex Offenders (Board), as required by Correction Law § 168-n (3), and that County Court did not otherwise provide him with a meaningful opportunity to respond to the People's requested departure. We agree (*see People v Scott*, 96 AD3d 1430, 1430-1431). The risk assessment instrument prepared by the Board did not assess points against defendant under risk factor 11, for having a history of drug or alcohol abuse. At the SORA hearing, however, the People for the first time requested that 15 points be assessed against defendant under risk factor 11, and the court granted that request. We need not remit the matter to County Court to comply with Correction Law § 168-n (3) (*see id.* at 1431), however, inasmuch as we also agree with defendant that the People "failed to prove by the requisite clear and convincing evidence that he had a history of alcohol and drug abuse" (*People v Coger*, 108 AD3d 1234, 1234-1235; *see generally People v Mingo*, 12 NY3d 563, 571). Without the 15 points assessed by the court under risk factor 11, the points assessed against defendant under the remaining risk factors make him a presumptive level one

risk, and there is no basis in the record for granting an upward departure based on an aggravating factor not taken into account by the risk assessment guidelines (*see generally People v Grady*, 81 AD3d 1464, 1464).  We therefore modify the order by determining that defendant is a level one risk pursuant to SORA.

Entered:  March 27, 2015                          Frances E. Cafarell
                                                  Clerk of the Court