■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DILE L. GEORGE, Appellant. [38 NYS3d 561]—

Appeal by the defendant from an order of the County Court, Dutchess County (Forman, J.), dated December 17, 2014, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

Contrary to the defendant's contention, the County Court

properly assessed the defendant 25 points under risk factor 2 based, inter alia, on the victims' statements to the police, as well as the defendant's own admission that he engaged in anal sex with one of the victims (*see People v Law*, 94 AD3d 1561, 1562 [2012]).

Similarly, the County Court also properly assessed the defendant 15 points under risk factor 12 based, inter alia, on evidence that the defendant was previously expelled from two sex offender treatment programs (*see People v Grigg*, 112 AD3d 802, 803 [2013]; *People v DeCastro*, 101 AD3d 693 [2012]), as well as 20 points under risk factor 13 based, among other things, on evidence that the defendant previously violated the terms of his probation by engaging in sexual misconduct (*see People v Beers*, 124 AD3d 741 [2015]; *People v Baluja*, 109 AD3d 803, 804 [2013]). Contrary to the defendant's contention, the fact that his conduct during his most recent period of parole was deemed satisfactory, and that he successfully completed a sex offender treatment program in 2014, does not alter the objective facts upon which his scores under risk factors 12 and 13 were based. To the extent that the defendant contends that the Sex Offender Registration Act: Risk Assessment Guidelines and Commentary (2006) (hereinafter Guidelines) fail to fully take into account his most recent good behavior as a mitigating factor, that contention should have been raised by way of a request for a downward departure (*see People v Madison*, 98 AD3d 573, 574 [2012]; *People v Abdullah*, 31 AD3d 515 [2006]).

We agree with the defendant that it was improper for the County Court to increase his score under risk factor 3 from 20 points to 30 points. The defendant was provided with no notice prior to the hearing that the County Court was considering assessing additional points under this factor, and he had no meaningful opportunity to contest the imposition of points under this factor (*see People v Gardner*, 59 AD3d 604, 605 [2009]; *People v Ferguson*, 53 AD3d 571, 572 [2008]).

We also agree with the defendant that the County Court erred in assessing 20 points under risk factor 4, as the People failed to establish, by clear and convincing evidence, that the defendant engaged in "(i) two or more acts of sexual contact, at least one of which is an act of sexual intercourse, oral sexual conduct, anal sexual conduct, or aggravated sexual contact, which acts are separated in time by at least 24 hours, or (ii) three or more acts of sexual contact over a period of at least two weeks" (Guidelines at 10; *see People v Scala*, 126 AD3d 865 [2015]).

Nevertheless, deducting 30 points (i.e., 10 points under risk

factor 3 plus 20 points under risk factor 4) from the total points assessed against the defendant does not alter his presumptive risk level (see People v Howell, 82 AD3d 857, 858 [2011]). Accordingly, we affirm. Chambers, J.P., Austin, Maltese and Duffy, JJ., concur.