# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

675
KA 15-00239
PRESENT: WHALEN, P.J., SMITH, CENTRA, PERADOTTO, AND CARNI, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

THOMAS P. FARRELL, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (SHERRY A. CHASE OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL J. FLAHERTY, JR., ACTING DISTRICT ATTORNEY, BUFFALO (DANIEL J. PUNCH OF COUNSEL), FOR RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (John L. Michalski, A.J.), entered January 22, 2015. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by determining that defendant is a level one risk pursuant to the Sex Offender Registration Act and as modified the order is affirmed without costs.

Memorandum: Defendant appeals from an order determining that he is a level two risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 *et seq.*). We agree with defendant that Supreme Court erred in assessing 20 points against him under the risk factor for a continuing course of sexual misconduct inasmuch as the People failed to prove by the requisite clear and convincing evidence that he engaged in, as relevant here, two or more acts of sexual contact with the victim separated by at least 24 hours, including at least one act of oral sexual conduct (*see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 10 [2006]; *see generally* Correction Law § 168-n [3]; *People v Mingo*, 12 NY3d 563, 571).

Defendant pleaded guilty to one count of criminal sexual act in the first degree in satisfaction of a five-count indictment and, according to the presentence report (PSR), he told the police that he engaged in oral sex with the 12-year-old victim "a couple times." When interviewed for the PSR, defendant acknowledged one incident of oral sex, and he described an incident "[a] few days later" in which the victim approached him and began rubbing his thighs and groin area but he "pushed her away." Although defendant's statement to the police is evidence that he engaged in acts of oral sexual conduct with

the victim more than once, and the court was entitled to discredit defendant's testimony to the contrary at the SORA hearing (*see People v Woodard*, 63 AD3d 1655, 1656, *lv denied* 13 NY3d 706; *People v Craig*, 45 AD3d 1365, 1366, *lv denied* 10 NY3d 702), that statement does not specify when the acts of oral sexual conduct occurred relative to each other and thus is insufficient to establish a continuing course of sexual misconduct (*see People v Edmonds*, 133 AD3d 1332, 1332, *lv denied* 26 NY3d 918; *see generally People v Donk*, 39 AD3d 1268, 1269). Contrary to the People's contention, we further conclude that defendant's description of the incident in which the victim rubbed his thighs and groin area does not establish a second act of sexual contact with the victim because it fails to show that defendant had the necessary intent to engage in sexual contact on that occasion (*see* Penal Law § 130.00 [3]; *People v Guerra*, 178 AD2d 434, 435; *cf. People v Roe*, 235 AD2d 950, 950-952, *lv denied* 89 NY2d 1099).

Without the 20 points assessed by the court for a continuing course of sexual misconduct, the points assessed against defendant under the remaining risk factors make him a presumptive level one risk, and we therefore modify the order accordingly (*see People v Scala*, 126 AD3d 865, 866; *People v Owens*, 126 AD3d 1512, 1513).

Entered:  September 30, 2016                          Frances E. Cafarell
                                                     Clerk of the Court