■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICKY NOBLE, Appellant. [43 NYS3d 912]—Appeal by the defendant from an order of the Supreme Court, Kings County (DiMango, J.), dated January 14, 2013, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

The defendant contends that his due process rights were violated by the Supreme Court's denial of his request for an adjournment of the hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C) to determine his risk level. "[T]he decision to grant an adjournment is a matter of discretion for the hearing court" (*People v Lashway*, 25 NY3d 478, 484 [2015]). "[W]hen the protection of fundamental rights has been involved in requests for adjournments, that discretionary power has been more narrowly construed" (*People v Spears*, 64 NY2d 698, 700 [1984]). Under the circumstances here, the court providently exercised its discretion in denying the defendant's request for an adjournment of the hearing.

The defendant's argument that the Supreme Court improperly assessed points sua sponte under risk factor 12 is unpreserved for appellate review because that ground was not raised at the hearing (*see* CPL 470.05 [2]; *People v Angelo*, 3 AD3d 482 [2004]). In any event, deducting the 10 points assessed under risk factor 12 from the total points assessed against the defendant would not alter his presumptive risk level (*see People v George*, 142 AD3d 1059 [2016]; *People v Howell*, 82 AD3d 857, 858 [2011]).

Accordingly, the Supreme Court properly designated the defendant a level two sex offender. Leventhal, J.P., Chambers, Austin and LaSalle, JJ., concur.