People v Jarama (2019 NY Slip Op 09044)





People v Jarama


2019 NY Slip Op 09044


Decided on December 18, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 18, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
FRANCESCA E. CONNOLLY, JJ.


2018-13146

[*1]People of State of New York, respondent,
v
Manuel Jarama, appellant.


Paul Skip Laisure, New York, NY (Angad Singh of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Jonathan Andrew Perez of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Guy J. Mangano, Jr., J.), dated October 10, 2018, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is reversed, on the law, without costs or disbursements, and the defendant is designated a level one sex offender.
In this proceeding pursuant to the Sex Offender Registration Act (see Correction Law art 6-C; hereinafter SORA), the Supreme Court, after a hearing, designated the defendant a level two sex offender. The defendant appeals, challenging, inter alia, the assessment of 20 points under risk factor 4.
For purposes of assessing points under risk factor 4 (duration of offense), the SORA Guidelines specify that "an offender has engaged in a continuing course of sexual contact when he engages in either (i) two or more acts of a sexual contact, at least one of which is an act of sexual intercourse, oral sexual conduct, anal sexual conduct or aggravated sexual contact, which acts are separated in time by at least 24 hours, or (ii) three or more acts of sexual contact over a period of at least two weeks" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 10 [2006]). At a hearing to establish a sex offender's risk level pursuant to SORA, the People have the burden of establishing the facts supporting the determinations sought by clear and convincing evidence (see Correction Law § 168-n[3]; People v Pettigrew, 14 NY3d 406, 408).
Here, the People failed to meet their burden of proof with respect to risk factor 4. Although the People submitted evidence, in the form of the defendant's statements, that he engaged in sexual contact with the victim on three or four occasions, they failed to submit any evidence as to when these instances of sexual contact occurred relative to one another, so as to demonstrate that such instances were separated in time by at least 24 hours, as the People claimed (see People v George, 142 AD3d 1059, 1060; People v Scala, 126 AD3d 865; see also People v Farrell, 142 AD3d 1299, 1300; People v Redcross, 54 AD3d 1116, 1117). Accordingly, the Supreme Court should not have assessed 20 points under risk factor 4.
Without the assessment of points under risk factor 4, the defendant's points total was [*2]55, which is within the range for a presumptive level one designation. Accordingly, the Supreme Court should have designated the defendant a level one sex offender.
In light of our determination, we need not reach the parties' remaining contentions.
BALKIN, J.P., CHAMBERS, COHEN and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court