People v Hernandez (2020 NY Slip Op 01198)





People v Hernandez


2020 NY Slip Op 01198


Decided on February 19, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 19, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOSEPH J. MALTESE
BETSY BARROS
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2016-02756

[*1]People of State of New York, respondent, 
v
Pablo Hernandez, appellant. Janet E. Sabel, New York, NY (Nancy E. Little of counsel), for appellant.


Michael E. McMahon, District Attorney, Staten Island, NY (Morrie I. Kleinbart of counsel; Esmer Mujaj on the brief), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Richmond County (Mario F. Mattei, J.), dated February 23, 2016, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In 2010, the defendant was convicted, upon his plea of guilty, of receipt of child pornography in violation of 18 USC § 2252(a)(2) in the United States District Court for the Eastern District of New York. The Board of Examiners of Sex Offenders (hereinafter the Board) assessed the defendant a total of 35 points, which, if accepted by the Supreme Court, would make him a presumptive level one sex offender. The Board recommended an upward departure to designate the defendant a level two sex offender.
Following a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court assessed the defendant a total of 85 points, which corresponded with a designation as a presumptive level two sex offender, and granted the People's request for an upward departure to designate the defendant a level three sex offender. On appeal, the defendant challenges the assessment of points under risk factors 7 and 14, and contends that the court improvidently exercised its discretion in granting the People's request for an upward departure to designate him a level three sex offender.
As the People concede, the Supreme Court should not have assessed 20 points under risk factor 7, since neither the Board nor the People requested assessment of points under this risk factor. The defendant was not provided with any notice that the court was considering assessing those points and had no meaningful opportunity to contest the assessment of those points (see Correction Law § 168-n[3]; People v George, 142 AD3d 1059, 1060; People v Howell, 82 AD3d 857, 858; People v Gardner, 59 AD3d 604).
We also agree with the defendant's contention that the People failed to establish, by clear and convincing evidence, the facts supporting the assessment of 5 points under risk factor 14. The Board did not recommend assessment of any points under that risk factor, and the People did not submit any evidence at the SORA hearing that the defendant was released to supervision that was [*2]not considered to be "specialized" (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 17 [2006] [hereinafter Guidelines]; People v Rodriguez, 130 AD3d 897, 898). Deducting the points assessed under risk factors 7 and 14 results in a total score of 60, which corresponds with a presumptive level one sex offender designation.
Nevertheless, at the SORA hearing, the People established, by clear and convincing evidence, that there were aggravating factors of a kind, or to a degree, not otherwise adequately taken into account by the Guidelines such that any presumptive designation other than level three would result in an underassessment of the defendant's risk of reoffense and danger to the community (see Guidelines at 4; People v Gillotti, 23 NY3d 841, 861; People v Worley, 57 AD3d 753, 754). Notably, the People submitted the transcripts of the plea proceeding and a victim's grand jury testimony relating to the defendant's prior misdemeanor conviction of endangering the welfare of an incompetent or physically disabled person. The transcripts established that, while the defendant was employed as a hospital aide, he placed his fingers inside the vagina of an 83-year-old patient without her consent. Moreover, the defendant was on probation when he committed the instant offense (see People v Almonte, 171 AD3d 660). The high number of child pornographic images in the defendant's possession, and the egregious and sadomasochistic nature of some of the images, further warranted granting the People's request for an upward departure to a level three sex offender designation (see People v Fiol, 49 AD3d 834, 834).
Accordingly, we agree with the Supreme Court's designation of the defendant as a level three sex offender.
RIVERA, J.P., MALTESE, BARROS, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court