People v Rodas (2020 NY Slip Op 07612)





People v Rodas


2020 NY Slip Op 07612


Decided on December 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
COLLEEN D. DUFFY
HECTOR D. LASALLE
PAUL WOOTEN, JJ.


2017-11191

[*1]People of State of New York, respondent,
v
Byron Rodas, appellant. Carol Kahn, New York, NY, for appellant.


William V. Grady, District Attorney, Poughkeepsie, NY (Kristen A. Rappleyea of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the County Court, Dutchess County (Peter M. Forman, J.), dated September 29, 2017, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant pleaded guilty to course of sexual conduct against a child in the second degree and was sentenced to prison. Prior to his release from prison, the County Court held a risk level assessment hearing under the Sex Offender Registration Act. The court assessed the defendant points for, inter alia, sexual contact with the victim which included sexual intercourse, the victim suffering from physical helplessness, the defendant not accepting responsibility, and unsatisfactory conduct while supervised. The court designated the defendant a level three sex offender. The defendant appeals.
We agree with the County Court's determination to assess the defendant points based on his sexual contact with the victim which included sexual intercourse, the victim suffering from physical helplessness, the defendant not accepting responsibility, and unsatisfactory conduct while supervised. The People established, by clear and convincing evidence in the form of grand jury testimony, medical records, and the case summary completed by the Board of Examiners of Sex Offenders, that the defendant engaged in sexual intercourse with the victim, that he engaged in oral sexual conduct with the victim on an occasion when she was physically helpless, that he failed to accept responsibility for his crime and refused treatment, and that his conduct while supervised on interim probation was unsatisfactory (see People v Mingo, 12 NY3d 563, 571; People v Miller, 186 AD3d 1095, 1096-1097; People v Morrison, 156 AD3d 831, 831; People v Britton, 148 AD3d 1064, 1064-1065; People v Carlberg, 145 AD3d 1646, 1647; People v Mosley, 106 AD3d 1067, 1068; People v Howell, 82 AD3d 857, 857).
The defendant's remaining contention is unpreserved for appellate review (see People v Noble, 146 AD3d 824; People v Benitez, 140 AD3d 1140, 1141; People v Angelo, 3 AD3d 482).
Accordingly, we agree with the County Court's determination designating the defendant a level three sex offender.
MASTRO, J.P., MILLER, DUFFY, LASALLE and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court