People v Clement (2022 NY Slip Op 05644)

People v Clement

2022 NY Slip Op 05644

Decided on October 7, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 7, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, LINDLEY, AND NEMOYER, JJ.

737 KA 21-01031

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
RYAN J. CLEMENT, DEFENDANT-APPELLANT. 

CRAIG M. CORDES, SYRACUSE, FOR DEFENDANT-APPELLANT.
LEANNE K. MOSER, DISTRICT ATTORNEY, LOWVILLE, D.J. & J.A. CIRANDO, PLLC, SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR RESPONDENT. 

 Appeal from an order of the Lewis County Court (John H. Crandall, A.J.), entered November 23, 2020. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: On appeal from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 et seq.), defendant contends that he received ineffective assistance of counsel because defense counsel did not contest the assessment of points by the Board of Examiners of Sex Offenders (Board) or request a downward departure. " '[A] sex offender facing risk level classification under SORA has a right to the effective assistance of counsel' " (People v Stack, 195 AD3d 1559, 1560 [4th Dept 2021], lv denied 37 NY3d 915 [2021]; see People v Morancis, 201 AD3d 751, 751 [2d Dept 2022]). "To prevail on a claim of ineffective assistance, defendants must demonstrate that they were deprived of a fair trial by less than meaningful representation" (People v Flores, 84 NY2d 184, 187 [1994]). Here, we conclude that, "viewing the evidence, the law and the circumstances of this case in totality and as of the time of the representation, defendant received effective assistance of counsel" (People v Russell, 115 AD3d 1236, 1236 [4th Dept 2014]; see People v Hackett, 198 AD3d 1323, 1324 [4th Dept 2021], lv denied 37 NY3d 919 [2022]; see generally People v Baldi, 54 NY2d 137, 147 [1981]).
Defense counsel successfully opposed additional points sought by the People in their risk assessment instrument. Defendant contends that defense counsel should have opposed the Board's assessment of 20 points under risk factor 4, for a continuing course of sexual misconduct. Even assuming, arguendo, that the People did not show by clear and convincing evidence that at least 24 hours separated the two acts of sexual contact with the victim (see People v Farrell, 142 AD3d 1299, 1299-1300 [4th Dept 2016]; People v Filkins, 107 AD3d 1069, 1069 [3d Dept 2013]), we note that defendant remained a level three risk even without those points, and there was no colorable basis to contest the assessment of any other points (see People v Kingdollar, 196 AD3d 1146, 1147 [4th Dept 2021], lv denied 37 NY3d 915 [2021]; People v Allport, 145 AD3d 1545, 1546 [4th Dept 2016]; see also People v Mangione, 169 AD3d 1370, 1371 [4th Dept 2019], lv denied 33 NY3d 904 [2019]). With respect to defense counsel's failure to request a downward departure, it is well established that "[a] defendant is not denied effective assistance of . . . counsel merely because counsel does not make a motion or argument that has little or no chance of success" (People v Stultz, 2 NY3d 277, 287 [2004], rearg denied 3 NY3d 702 [2004]; see Mangione, 169 AD3d at 1371). Here, there was nothing in the case summary that would support such a request (see Kingdollar, 196 AD3d at 1147-1148; People v Greenfield, 126 AD3d 1488, 1489 [4th Dept 2015], lv denied 26 NY3d 903 [2015]; People v Reid, 59 AD3d 158, 159 [1st Dept 2009], lv denied 12 NY3d 708 [2009]).
We have considered defendant's remaining contention and conclude that it does not warrant modification or reversal of the order.
Entered: October 7, 2022
Ann Dillon Flynn
Clerk of the Court