People v Green (2023 NY Slip Op 02799)

People v Green

2023 NY Slip Op 02799

Decided on May 24, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 24, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
DEBORAH A. DOWLING, JJ.

2019-12941

[*1]The People of the State of New York, respondent,
v
Hikeem Green, appellant.

Patricia Pazner, New York, NY (Ava Page and Jenna Hymowitz of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Christopher Blira-Koessler, and Felicia Thomas of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Queens County (John Latella, J.), dated October 25, 2019, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for a new hearing and determination in accordance herewith.
On its Risk Assessment Instrument, the Board of Examiners of Sex Offenders (hereinafter the Board) assessed the defendant a total of 130 points, classified him a presumptive level three sex offender, and found no basis for a downward departure. The Board assessed, inter alia, 30 points under risk factor 1 (use of violence, armed with a dangerous instrument), and 20 points under risk factor 4 (duration of offense conduct with victim, continuing course of sexual misconduct). Following a hearing under the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court assessed the defendant a total of 115 points, making the defendant a presumptive level three sex offender, and denied the defendant's request for a downward departure. The court did not assess 30 points under risk factor 1 for "armed with a dangerous instrument" in accordance with the Board's recommendation, but instead assessed 15 points under that risk factor for "inflicted physical injury." The court assessed 20 points under risk factor 4 in accordance with the Board's recommendation.
On appeal, the defendant challenges the Supreme Court's assessment of 15 points under risk factor 1 on the ground that the People failed to give the defendant the required 10-day notice that they would be seeking 15 points under risk factor 1 based upon "inflicted physical injury." The defendant also challenges the assessment of 20 points under risk factor 4 and the denial of his request for a downward departure.
Correction Law § 168-n(3) provides that, "[i]f the district attorney seeks a determination that differs from the recommendation submitted by the board, at least ten days prior to the determination proceeding the district attorney shall provide to the court and the sex offender a statement setting forth the determinations sought by the district attorney together with the reasons for seeking such determinations" (id. [emphasis added]). In People v Ferguson (53 AD3d 571), this [*2]Court held that the phrase "recommendation submitted by the board" is not limited to just the total points assessed or the recommended sex offender level designation, but "includes the factual predicate for the recommendation" (id. at 572).
Here, the factual predicate for the Board's recommendation for the assessment of points under risk factor 1 was the defendant having been "armed with a dangerous instrument," not that he "inflicted physical injury." In order to assess points under risk factor 1 based upon infliction of physical injury, the People were required by Correction Law § 168-n(3) to give the defendant the requisite 10-day notice, which they failed to do (see People v Monufar-Tez, 195 AD3d 1052, 1053-1054; People v Scott, 96 AD3d 1430, 1430-1431; People v Gardner, 59 AD3d 604, 605; People v Ferguson, 53 AD3d at 572).
Contrary to the People's contention, the defendant preserved the argument that he was not given proper notice of the factual predicate for the assessment of 15 points under risk factor 1, and the Supreme Court confronted and specifically resolved that objection at the SORA hearing (see People v Feingold, 7 NY3d 288, 290; People v Prado, 4 NY3d 725, 726])
Contrary to the defendant's contention, the Supreme Court properly assessed 20 points under risk factor 4 for engaging in a continuing course of sexual misconduct. The assessment of these points was supported by clear and convincing evidence in the record, including the victims' grand jury testimony that the defendant engaged in two or more acts of sexual contact against each of the victims, at least one of which was an act of sexual intercourse, separated by at least 24 hours (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 10 [2006]; People v DeDona, 102 AD3d 58, 64).
Accordingly, since the People failed to provide the defendant with the requisite 10-day notice that they intended to seek points under risk factor 1 based upon "inflicted physical injury," and the defendant was not otherwise afforded a meaningful opportunity to respond to that request, the order must be reversed, and the matter remitted to the Supreme Court, Queens County, for a new hearing and determination of the defendant's risk level (People v Monufar-Tez, 195 AD3d 1052, 1053-1054; People v Scott, 96 AD3d 1430, 1430-1431; People v Gardner, 59 AD3d 604, 605; People v Ferguson, 53 AD3d 571, 572). However, the hearing is limited to the 15 points challenged under risk factor 1, and the defendant's request for a downward departure from the presumptive risk level designation.
In light of the foregoing, we need not reach the parties' remaining contentions.
BARROS, J.P., CHAMBERS, MALTESE and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court