People v Parkins (2023 NY Slip Op 04221)

People v Parkins

2023 NY Slip Op 04221

Decided on August 9, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 9, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LARA J. GENOVESI
WILLIAM G. FORD
LILLIAN WAN, JJ.

2022-03208

[*1]The People of the State of New York, respondent,
v
Trevorn Parkins, appellant.

Alex Smith, Middletown, NY, for appellant.
David M. Hoovler, District Attorney, Goshen, NY (Robert H. Middlemiss of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the County Court, Orange County (Hyun Chin Kim, J.), dated March 15, 2022, which, after a hearing, designated him a level two sexually violent offender pursuant to Correction Law article 6-C.
ORDERED that the order is reversed, on the law, without costs or disbursements, and the defendant is designated a level one sexually violent offender.
On this appeal from an order determining that he is a risk level two sex offender pursuant to the Sex Offender Registration Act (Correction Law article 6-C; hereinafter SORA), the defendant contends that the People failed to notify him within 10 days prior to the SORA hearing that they intended to seek a determination different from that recommended by the Board of Examiners of Sex Offenders (hereinafter the Board), as required by Correction Law § 168-n(3). The defendant also contends that the County Court did not otherwise provide him with a meaningful opportunity to respond to the People's requested departure. The People concede that the defendant did not receive the required statutory notice (see People v Scott, 96 AD3d 1430, 1430-1431; People v Gardner, 59 AD3d 604, 605).
The risk assessment instrument prepared by the Board assessed the defendant a total of 65 points under risk factors 2, 5, and 7, but did not assess points against him under risk factor 12 for lack of acceptance of responsibility. At the SORA hearing, however, the People, for the first time, requested that 10 points be assessed against the defendant under risk factor 12, and the County Court granted that request. The court assessed the defendant a total of 75 points, and designated him a level two sex offender.
We need not remit the matter to the County Court to comply with Correction Law § 168-n(3) (see People v Owens, 126 AD3d 1512, 1513), inasmuch as we agree with the defendant that the People failed to prove by the requisite clear and convincing evidence that he did not accept responsibility for his criminal conduct (see People v Fews, 175 AD3d 570, 571; People v Britton, 148 AD3d 1064, 1064-1065, affd 31 NY3d 1019; People v Chiu, 123 AD3d 896, 896). Without the 10 points assessed by the court under risk factor 12, the points assessed against the defendant under the remaining risk factors make him a presumptive risk level one sex offender, and there is no basis in the record for granting an upward departure based on an aggravating factor not taken into account by the risk assessment guidelines. We therefore reverse the order and designate the defendant a level one sexually violent offender.
The defendant's remaining contentions need not be reached in light of our determination.
CONNOLLY, J.P., GENOVESI, FORD and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court