People v Jackson (2023 NY Slip Op 05043)

People v Jackson

2023 NY Slip Op 05043

Decided on October 05, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 05, 2023

Before: Manzanet-Daniels, J.P., Singh, Gesmer, Rodriguez, Rosado, JJ. 

Ind. No. 5625/12 Appeal No. 712 Case No. 2021-04347 

[*1]The People of the State of New York, Respondent,
v
Johnny Jackson, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Phoenix M. Rice-Johnson of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Christian Rose of counsel), for respondent.

Order, Supreme Court, New York County (Gilbert C. Hong, J.), entered on or about November 17, 2021, which adjudicated defendant a level two sex offender pursuant to the Sex Offender Registration Act (SORA) (Correction Law art 6-C), unanimously reversed, on the law, without costs, the adjudication vacated, and the matter remanded for a new hearing and determination of defendant's risk level limited to the point assessment under risk factor 1 and any requests for downward or upward departures.
As relevant here, with respect to the scoring under risk factor 1, the Board of Examiners (Board)'s case summary stated that "[b]ased on the subsection of the [k]idnapping charges to which [defendant] pled . . ., he will be scored for inflicting physical injury to the victim." The People, in their pre-hearing motion to adjudicate defendant a level three offender, which also sought certain determinations that differed from the Board's recommendation, stated, as relevant here, that the Board properly scored 15 points under risk factor 1 for use of violence causing physical injury "[b]ased upon the nature of the charge to which defendant pled guilty." In his prehearing response brief, defendant countered that he should be scored 10 points under risk factor 1 for "forcible compulsion," rather than 15 points for having caused physical injury, arguing that the Board and prosecution's assessment of 15 points based on his guilty plea was incorrect because neither the sex trafficking nor first-degree kidnapping charges required proof that he caused the victim physical injury.
At the SORA hearing, the People, with respect to risk factor 1, argued  in addition to the argument in their pre-hearing submissions  that the scoring was also based on the "theory of accessorial liability, accomplice liability," as defendant was "indirectly involved while he was with the co-defendant," who struck the victim on the head and choked her in reaction to defendant telling him that the victim wanted to leave. Defense counsel objected, arguing that the People did not provide the requisite notice that they were going to seek points under that theory in their written submission, and that, in any event, no clear and convincing evidence supports the accessorial liability theory or that the victim was physically injured in the incident in defendant's apartment. The court assessed the 15 points for risk factor 1, stating that it found the Board's assessment correct and the defense argument not persuasive.
In the above circumstances, the court should have found that the People acted improperly in raising, for the first time at the hearing, as the basis for scoring defendant 15 points for inflicting physical injury under risk factor 1, a new reason or theory that differed from the basis for that scoring specified in the Board's case summary and in the People's prehearing submissions. This deprived defendant of the proper advance, informative notice of "the reasons" and "basis" for the [*2]People seeking the 15-point determination to which he was entitled under Correction Law § 168-n (3) and due process, so as to afford him a meaningful opportunity to respond to the assessment (see People v Green, 216 AD3d 1115, 1116-1117 [2d Dept 2023]; People v Ferguson, 53 AD3d 571 [2d Dept 2008]).
Even if, as argued by the People, a defendant is on notice as to any reason and factual predicate for a risk factor point assessment that is included in the case summary, and thus, there was no notice/due process violation resulting from the People advancing defendant's accessorial liability at the hearing, we find that the case summary does not expressly or in any way clearly set forth the theory that defendant should be scored 15 points for physical injury because of accessorial liability for his codefendant's actions.
We therefore remand for determination of defendant's risk level limited to the point assessment under risk factor 1 to afford him a meaningful opportunity to respond, as well as for consideration of any requests for downward or upward departures.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 5, 2023