People v Godwin (2023 NY Slip Op 06064)

People v Godwin

2023 NY Slip Op 06064

Decided on November 22, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
JOSEPH J. MALTESE
JANICE A. TAYLOR
LOURDES M. VENTURA, JJ.

2016-06172

[*1]The People of the State of New York, respondent,
v
Benson Godwin, appellant.

Twyla Carter, New York, NY (Elizabeth B. Emmons of counsel), for appellant.
Michael E. McMahon, District Attorney, Staten Island, NY (Thomas B. Litsky and George D. Adames of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Richmond County (Alan J. Meyer, J.), dated May 25, 2016, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is reversed, on the law and the facts, without costs or disbursements, and the defendant is designated a level one sex offender.
The defendant was convicted, upon his plea of guilty, of rape in the second degree. During a hearing to determine the defendant's risk level under the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the defendant challenged the People's proposed assessment of 20 points under risk factor 4 (continuing course of conduct) and 10 points under risk factor 12 (acceptance of responsibility), and requested a downward departure. The People requested an upward departure. The Supreme Court designated the defendant a level two sex offender. We reverse.
The People bear the burden of establishing, by clear and convincing evidence, the facts supporting the assessment of points under the Guidelines issued by the Board of Examiners of Sex Offenders under SORA (see Correction Law § 168 et seq.; Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 5 [2006] [hereinafter Guidelines]). "In assessing points, evidence may be derived from the defendant's admissions, the victim's statements, evaluative reports completed by the supervising probation officer, parole officer, or corrections counselor, case summaries prepared by the Board of Examiners of Sex Offenders . . . , or any other reliable source, including reliable hearsay" (People v Crandall, 90 AD3d 628, 629).
Here, the defendant should not have been assessed points under risk factor 4 (continuing course of conduct), as the People failed to establish by clear and convincing evidence that the defendant engaged in two or more offending acts separated by at least 24 hours, or three or more such acts occurring over a period of at least two weeks (see Guidelines at 10; People v Echols, 207 AD3d 478, 480).
Additionally, no points should have been assessed under risk factor 12 (acceptance of responsibility), as the People did not establish by clear and convincing evidence that the defendant failed to accept responsibility for his criminal conduct (see People v Parkins, 219 AD3d 642, 643).
Excluding risk factors 4 and 12, the points assessed against the defendant under the risk assessment instrument (hereinafter RAI) total 60, which constitutes a presumptive risk level one. Thus, the defendant should have been deemed a presumptive level one sex offender (see People v Castrovinci, 209 AD3d 681, 682).
On appeal, the People correctly concede that any upward departure from the defendant's presumptive risk level was not proper, as they failed to identify any aggravating factors not already taken into account by the RAI (see People v Young, 186 AD3d 1546, 1547; People v Shaynak, 178 AD3d 1105, 1106).
The defendant's remaining contention need not be reached in light of our determination.
Accordingly, the defendant should have been designated a level one sex offender under SORA (see Correction Law § 168-d[3]).
DUFFY, J.P., MALTESE, TAYLOR and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court