People v Green (2024 NY Slip Op 04084)

People v Green

2024 NY Slip Op 04084

Decided on July 31, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 31, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
BARRY E. WARHIT
CARL J. LANDICINO, JJ.

2023-06434

[*1]The People of the State of New York, respondent, 
v
Hikeem Green, appellant. 

Patricia Pazner, New York, NY (Sarah B. Cohen of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Danielle M. O'Boyle of counsel; Christopher Moore on the brief), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Queens County (Michael B. Aloise, J.), dated July 18, 2023, which, after a hearing upon remittitur from this Court (see People v Green, 216 AD3d 1115), designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In this proceeding pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court, upon denying the defendant's request for a downward departure from his presumptive risk level, designated him a level three sex offender (see id. § 168-n). The defendant appeals.
The Supreme Court failed to set forth findings and conclusions of law, as mandated by Correction Law § 168-n(3). However, remittal is not required since the record in this case is sufficient for this Court to make its own findings of fact and conclusions of law (see People v Hernandez, 213 AD3d 705, 706-707; People v McDaniel, 189 AD3d 1279, 1279).
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]; People v Gillotti, 23 NY3d 841, 861). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
Although lengthy periods of time during which the defendant has been at liberty after the offense without reoffending are not taken into account by the Guidelines or the risk assessment instrument (see People v Sotomayer, 143 AD3d 686, 687; People v Abdullah, 31 AD3d 515, 516), here, the defendant failed to establish by a preponderance of the evidence that, in the 3½-year period [*2]he was at liberty prior to the 2023 SORA hearing, he led an exemplary life such that he was entitled to a downward departure from the presumptive risk level (see People v Sprinkler, 162 AD3d 802, 803; cf. People v Abdullah, 31 AD3d at 516).
Moreover, while a defendant's response to sex offender treatment may qualify as a ground for a downward departure where the response is "exceptional," the defendant failed to demonstrate by a preponderance of the evidence that his "'response to treatment, while positive, was exceptional'" (People v Smith, 194 AD3d 767, 768, quoting People v Diaz, 180 AD3d 817, 818; see People v Abdullah, 210 AD3d 704, 706).
Contrary to the defendant's contention, his gainful employment and support of his family and friends were adequately taken into account by the Guidelines (see People v Haims, 203 AD3d 1184, 1186; People v Baez, 199 AD3d 1027, 1028). Moreover, the defendant failed to demonstrate how his support system will contribute to a lower likelihood of reoffense or danger to the community (see People v Melendez, 210 AD3d 1121, 1123; People v Saintilus, 169 AD3d 838).
The defendant's remaining contention is without merit.
Accordingly, the Supreme Court properly denied the defendant's request for a downward departure and designated him a level three sex offender.
BARROS, J.P., MALTESE, WARHIT and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court