People v Kornegay (2025 NY Slip Op 00890)

People v Kornegay

2025 NY Slip Op 00890

Decided on February 13, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 13, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
WILLIAM G. FORD
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2020-06441

[*1]The People of the State of New York, respondent,
v
Shaun Kornegay, appellant. Patricia Pazner, New York, NY (Zachory Nowosadzki of counsel), for appellant.

Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Charles T. Pollak of counsel; Rahul K. Sukesh on the brief), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Queens County (Peter F. Vallone, Jr., J.), dated June 5, 2020, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of rape in the first degree (Penal Law former § 130.35[1]). After a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C), the Supreme Court designated the defendant a level two sex offender based upon the assessment of 95 points on the risk assessment instrument. The defendant appeals.
Contrary to the defendant's contention, the Supreme Court properly assessed 20 points against him under risk factor 6, as the People established, by clear and convincing evidence, that the victim was asleep at the time of the defendant's initial touching and, therefore, physically helpless (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 11 [2006] [hereinafter Guidelines]; People v Morrison, 156 AD3d 831, 831; People v Howell, 82 AD3d 857, 857).
The Supreme Court also properly assessed the defendant 10 points under risk factor 12. The People presented clear and convincing evidence of the defendant's removal from sex offender treatment, failure to complete treatment while incarcerated, and refusal to be interviewed by the New York City Department of Probation (see Guidelines at 15-16; People v George, 142 AD3d 1059, 1060; People v Arvelo, 77 AD3d 452, 452).
Accordingly, the Supreme Court properly designated the defendant a level two sex offender.
BARROS, J.P., FORD, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court