People v Murray (2020 NY Slip Op 02485)





People v Murray


2020 NY Slip Op 02485


Decided on April 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2018-08740

[*1]People of State of New York, respondent, 
v
Michael Murray, appellant.


Paul Skip Laisure, New York, NY (Samuel Feldman of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Ellen C. Abbot of counsel; Kristina A. D'Angelo on the brief), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Queens County (Richard Buchter, J.), dated May 11, 2018. The order, after a hearing, designated the defendant a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In this proceeding pursuant to the Sex Offender Registration Act (see Correction Law art 6-C; hereinafter SORA), the Supreme Court assessed the defendant 110 points on the risk assessment instrument. The court granted the defendant's application for a downward departure from his presumptive risk level three designation, and designated him a level two sex offender. The defendant appeals.
The defendant's contentions that the Supreme Court, in determining his risk level, improperly assessed points under risk factors 9 and 11 are unpreserved for appellate review, since he did not object to the assessment of these points at the SORA hearing (see CPL 470.05[2]). We decline to reach these contentions in the interest of justice (see People v Cox, 173 AD3d 783, 783; People v Game, 131 AD3d 460, 460).
Contrary to the defendant's contention, given, among other things, the nature and number of the child pornography files the defendant was found to possess, a further downward departure to a risk level one designation was not warranted (see People v Rivas, 173 AD3d 786, 787; People v Young, 152 AD3d 628, 628). Accordingly, we agree with the Supreme Court's determination to designate the defendant a level two sex offender.
The defendant's remaining contention is without merit.
DILLON, J.P., DUFFY, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court