People v Vasquez (2020 NY Slip Op 07931)





People v Vasquez


2020 NY Slip Op 07931


Decided on December 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2019-03294

[*1]People of State of New York, respondent,
v
Selvin M. Vasquez, appellant. Laurette D. Mulry, Riverhead, NY (Anju M. Alexander of counsel), for appellant.


Timothy D. Sini, District Attorney, Riverhead, NY (Nicole L. Gallo of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the County Court, Suffolk County (Karen M. Wilutis, J.), dated March 18, 2019, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
On March 3, 2016, the defendant was convicted, upon his plea of guilty, of rape in the third degree. He was sentenced to a determinate term of imprisonment of four years to be followed by ten years of postrelease supervision. The defendant was scheduled for conditional release on March 20, 2019. Prior to a hearing pursuant to the Sex Offender Registration Act (see Correction Law art 6-C [hereinafter SORA]), the Board of Examiners of Sex Offenders (hereinafter the Board) assessed the defendant a total risk factor score of 65, resulting in a presumptive risk level one designation. Thereafter, the People served a notice pursuant to Correction Law § 168-d seeking a risk level two designation. In addition to assessing the same points as did the Board, the People assessed 15 points under risk factor 14 (release without supervision), resulting in a total risk factor score of 80 and a presumptive risk level two designation. The basis for the People's assessment of 15 points under risk factor 14 was information that the defendant would be deported after his release from prison. After the hearing, the County Court assessed 80 points and, in an order dated March 18, 2019, designated the defendant a level two sex offender. The defendant appeals.
"A SORA proceeding, which is civil in nature, determines the risk of reoffense by a person convicted of a qualifying sex offense and requires that individual to register with law enforcement officials according to that risk level" (People v Pettigrew, 14 NY3d 406, 408). In establishing an offender's presumptive risk level, "[t]he People 'bear the burden of proving the facts supporting the determinations' by clear and convincing evidence" (id., quoting Correction Law § 168-n[3]). "'In assessing points, evidence may be derived from the defendant's admissions, the victim's statements, evaluative reports completed by the supervising probation officer, parole officer, or corrections counselor, case summaries prepared by the Board of Examiners of Sex Offenders . . . , or any other reliable source, including reliable hearsay'" (People v Luna, 187 AD3d 805, quoting People v Crandall, 90 AD3d 628, 629; see SORA Risk Assessment Guidelines and Commentary at 5 [2006]; People v Mascorro, 177 AD3d 907, 908).
We agree with the County Court's determination to assess the defendant 15 points under risk factor 14. The assessment of these points was supported by clear and convincing evidence in the record, including the Board's case summary and the probation department's presentence report (see People v Mingo, 12 NY3d 563, 573-574). Accordingly, we agree with the court's determination designating the defendant a level two sex offender.
DILLON, J.P., CHAMBERS, AUSTIN, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court