People v Levy (2021 NY Slip Op 08266)





People v Levy


2021 NY Slip Op 08266


Decided on March 17, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
BETSY BARROS
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2019-10097

[*1]People of State of New York, respondent,
v
Michael Levy, appellant. Paul Skip Laisure, New York, NY (Jenin Younes of counsel), for appellant.


Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Julian Joiris of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Guy J. Mangano, Jr., J.), dated July 31, 2019, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In this proceeding pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court, after a hearing, designated the defendant a level three sex offender based upon the assessment of a total of 115 points. On appeal, the defendant challenges the assessment of points under risk factor 13 and also contends, inter alia, that the court should have granted his application for a downward departure.
In establishing a defendant's risk level pursuant to SORA, the People bear the burden of establishing facts supporting the determination sought by clear and convincing evidence (see Correction Law § 168-n[3]; People v Guadeloupe, 173 AD3d 910, 911; People v Holmes, 166 AD3d 821, 822; People v LeGrand, 152 AD3d 722, 722). Contrary to the defendant's contention, the Supreme Court properly assessed points under risk factor 13, since the People established, by clear and convincing evidence, that the defendant's conduct while participating in a supervised re-entry program was unsatisfactory (see SORA: Risk Assessment Guidelines and Commentary at 16 [2006]
[hereinafter SORA Guidelines]; People v Miller, 186 AD3d 1095). The defendant violated the terms of his supervised re-entry program by, inter alia, possessing a smartphone with internet capability. Contrary to the defendant's contention, such violation was not a minor infraction given that the defendant had previously been convicted of, among other things, making obscene phone calls, and that his criminal conduct included trading child pornography over the internet.
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment [*2]of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v McClendon, 175 AD3d 1329).
Here, the Supreme Court providently exercised its discretion in denying the defendant's application for a downward departure from his presumptive risk level designation. The defendant failed to demonstrate that the childhood abuse he allegedly experienced constituted a mitigating factor that would tend to establish a lower likelihood of reoffense. While a defendant's response to treatment may qualify as a ground for a downward departure where the response is exceptional, here, the defendant failed to establish, by a preponderance of the evidence, that his response to any treatment was exceptional (see People v McClendon, 175 AD3d at 1331; People v Wallace, 144 AD3d 775, 776). Although "advanced age" may constitute a basis for a downward departure, the defendant failed to demonstrate that his age at the time of the SORA hearing, approximately 53 years old, constituted an appropriate mitigating factor and minimized his risk of reoffense (see People v McClendon, 175 AD3d at 1331; People v Tromba, 157 AD3d 915, 916; People v DeJesus, 127 AD3d 1047, 1047).
The parties' remaining contentions either need not be reached in light of our determination or are without merit.
Accordingly, the Supreme Court properly designated the defendant a level three sex offender.
DILLON, J.P., AUSTIN, BARROS, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court