People v Jamieson (2022 NY Slip Op 05101)

People v Jamieson

2022 NY Slip Op 05101

Decided on August 31, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 31, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
CHERYL E. CHAMBERS
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.

2021-03146

[*1]The People of the State of New York, respondent, 
v
Jose A. Jamieson, appellant.

James D. Licata, New City, NY (Lois Cappelletti of counsel), for appellant.
Thomas E. Walsh II, District Attorney, New City, NY (Jacob B. Sher of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the County Court, Rockland County (Sherri L. Eisenpress, J.), dated March 11, 2021, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of criminal sexual act in the second degree. Following a hearing pursuant to the Sex Offender Registration Act (Correction Law article 6-C; hereinafter SORA), the County Court assessed the defendant 80 points and designated him a level two sex offender. The defendant appeals.
To the extent that the defendant contends that the People failed to meet their burden of proving the facts supporting the risk level classification by clear and convincing evidence, this contention is unpreserved for appellate review, as he did not object to the assessment of any points at the SORA hearing (see generally People v Murray, 182 AD3d 614, 615; People v Bethel, 165 AD3d 712, 713). In any event, the contention is without merit.
The defendant's contention that he is entitled to a downward departure from his presumptive risk level is unpreserved for appellate review (see People v Johnson, 11 NY3d 416, 421; People v Guerro-Bueso, 203 AD3d 1184). In any event, the contention is without merit, as the defendant has not identified any allegedly mitigating factor to support his application (see generally People v Gillotti, 23 NY3d 841, 861; People v Wyatt, 89 AD3d 112).
BRATHWAITE NELSON, J.P., CHAMBERS, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court