People v Bautista (2022 NY Slip Op 06727)

People v Bautista

2022 NY Slip Op 06727

Decided on November 23, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
JOSEPH J. MALTESE
LARA J. GENOVESI, JJ.

2022-02022

[*1]The People of the State of New York, respondent, 
v
Herman Bautista, appellant. Laurette D. Mulry, Riverhead, NY (Felice B. Milani of counsel), for appellant.

Raymond A. Tierney, District Attorney, Riverhead, NY (Timothy P. Finnerty of counsel; Robert Joannou on the brief), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the County Court, Suffolk County (Karen M. Wilutis, J.), dated March 10, 2022, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of criminal sexual act in the first degree, sexual abuse in the first degree, and endangering the welfare of a child. In this proceeding pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the County Court assessed the defendant 135 points on the risk assessment instrument, denied his application for a downward departure from his presumptive risk level, and designated him a level three sex offender. On appeal, the defendant challenges the assessment of 15 points under risk factor 12 (acceptance of responsibility) and 20 points under risk factor 13 (unsatisfactory and inappropriate sexual conduct while confined/supervised), as well as the denial of his application for a downward departure.
"In establishing a defendant's risk level pursuant to SORA, the People bear the burden of establishing facts supporting the determination sought by clear and convincing evidence" (People v Levy, 192 AD3d 928, 929, citing Correction Law § 168-n[3], People v Guadeloupe, 173 AD3d 910, 911). "'In assessing points, evidence may be derived from the defendant's admissions, the victim's statements, evaluative reports completed by the supervising probation officer, parole officer, or corrections counselor, case summaries prepared by the Board of Examiners of Sex Offenders . . . , or any other reliable source, including reliable hearsay'" (People v Vasquez, 189 AD3d 1480, 1481, quoting People v Luna, 187 AD3d 805, 806 [internal quotation marks omitted]).
The County Court correctly determined that the People met their burden of proving by clear and convincing evidence the facts supporting the defendant's designation as a level three sex offender (see Correction Law § 168-n[3]). Contrary to the defendant's contention, the court's assessment of points under risk factor 12 was proper as the People presented clear and convincing evidence of the defendant's failure to accept responsibility for his actions and his removal from a sex offender treatment program (see People v Zachary 188 AD3d 935, 936; People v Ramos, 147 AD3d 1090; People v Grigg, 112 AD3d 802; People v Ologbonjaiye, 109 AD3d 804). Similarly, the defendant was properly assessed points under risk factor 13 based on his receipt of 8 tier III disciplinary sanctions and 20 tier II violations, one of which was for masturbating in open view (see People v Harrington, 171 AD3d 956, 957; People v Hawthorne, 158 AD3d 651; People v Littles, 155 AD3d 979; People v Lawson, 90 AD3d 1006, 1007).
Moreover, the County Court properly denied the defendant's application for a [*2]downward departure from his presumptive risk level (see People v Gillotti, 23 NY3d 841, 861; People v Curry, 158 AD3d 52, 58). A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d at 861; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]). "If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism" (People v Alvarado, 173 AD3d 909, 910; see People v Gillotti, 23 NY3d at 861; People v Brocato, 188 AD3d 728, 728-729; People v Felton, 175 AD3d 734, 735; People v Champagne, 140 AD3d 719, 720).
Here, the defendant failed to demonstrate how his resorting to violence due to being victimized in prison shows a lower likelihood of reoffense to thus constitute a mitigating factor that would warrant a downward departure (see People v Gillotti, 23 NY3d at 857; People v Wyatt, 89 AD3d at 112, 121).
Accordingly, the County Court properly denied the defendant's application for a downward departure and designated him a level three sex offender.
BRATHWAITE NELSON, J.P., RIVERA, MALTESE and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court