People v Howell (2023 NY Slip Op 00452)

People v Howell

2023 NY Slip Op 00452

Decided on February 1, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 1, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
BARRY E. WARHIT, JJ.

2020-07238

[*1]The People of the State of New York, respondent,
v
Christopher Howell, appellant. Laurette D. Mulry, Riverhead, NY (Amanda E. Schaefer of counsel), for appellant.

Raymond A. Tierney, District Attorney, Riverhead, NY (Glenn Green and Lauren Tan of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Suffolk County (Chris Ann Kelly, J.), dated September 4, 2020, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In this proceeding pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court, after a hearing, designated the defendant a level two sex offender based upon the assessment of 75 points. On appeal, the defendant challenges the assessment of points under risk factor 13, and further contends that he should have been granted a downward departure from his presumptive risk level on the ground that the assessment of points under risk factor 13 resulted in an overassessment of his risk.
"'In establishing a defendant's risk level pursuant to SORA, the People bear the burden of establishing facts supporting the determination sought by clear and convincing evidence'" (People v Bautista, 210 AD3d 1020, 1021, quoting People v Levy, 192 AD3d 928, 929; see Correction Law § 168-n[3]; People v Guadeloupe, 173 AD3d 910, 911). Contrary to the defendant's contention, the Supreme Court properly assessed points under risk factor 13. Pursuant to the SORA: Risk Assessment Guidelines and Commentary (2006) (hereinafter Guidelines), risk factor 13 "looks to the offender's conduct while in custody or under supervision as a predictor of future behavior" (Guidelines at 16). An offender's "adjustment on probation or parole is unsatisfactory if he has violated a condition of his release" (id.). Here, the People established, by clear and convincing evidence, that the defendant's conduct while supervised was unsatisfactory by submitting evidence that he was convicted of a new offense involving a minor for which he was sentenced to a six-month jail term while he remained on supervised probation for the underlying sexual offense (see People v Levy, 192 AD3d at 929; People v Miller, 186 AD3d 1095; People v Benton, 185 AD3d 1103, 1105; see also Guidelines at 16).
The defendant's further contention that he should have been granted a downward departure from his presumptive risk level on the ground that the assessment of points under risk factor 13 resulted in an overassessment of his risk is unpreserved for appellate review, as he failed to request a downward departure on this basis at the SORA hearing (see CPL 470.05[2]; People v Jackson, 209 AD3d 881, 882; People v Jamieson, 208 AD3d 904, 905). In any event, contrary to [*2]the defendant's contention, he failed to establish his entitlement to a downward departure (see generally People v Gillotti, 23 NY3d 841, 861; People v Wyatt, 89 AD3d 112).
DUFFY, J.P., MILLER, DOWLING and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court