People v Linares (2023 NY Slip Op 03487)

People v Linares

2023 NY Slip Op 03487

Decided on June 28, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ANGELA G. IANNACCI
CHERYL E. CHAMBERS
LINDA CHRISTOPHER, JJ.

2022-03041

[*1]The People of the State of New York, respondent,
v
Jorge Linares, appellant. 

Laurette D. Mulry, Riverhead, NY (Felice B. Milani of counsel), for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Kathleen Becker Langlan and Glenn Green of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the County Court, Suffolk County (Karen M. Wilutis, J.), dated March 14, 2022, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
After a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the County Court assessed the defendant a total of 115 points on the risk assessment instrument, denied the defendant's request for a downward departure from the presumptive risk level, and designated him a level three sex offender. The defendant appeals.
In establishing a defendant's risk level pursuant to SORA (see Correction Law art 6-C), the People bear the burden of establishing, by clear and convincing evidence, the facts supporting the determinations sought (see id. § 168-n[3]; People v Pettigrew, 14 NY3d 406, 408; People v Mingo, 12 NY3d 563, 571). "In assessing points, evidence may be derived from the defendant's admissions, the victim's statements, evaluative reports completed by the supervising probation officer, parole officer, or corrections counselor, case summaries prepared by the Board of Examiners of Sex Offenders (hereinafter the Board), or any other reliable source, including reliable hearsay" (People v Crandall, 90 AD3d 628, 629; see People v Mingo, 12 NY3d at 571-573).
Here, contrary to the defendant's contention, the People established, by clear and convincing evidence, that the defendant committed various sex crimes against three or more victims, which supported the assessment of 30 points under risk factor 3 (see People v Mingo, 12 NY3d at 573; People v Urrego, 145 AD3d 923, 923).
"A defendant seeking a downward departure from the presumptive risk level has the initial burden of '(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence'" (People v Ciccarello, 187 AD3d 1224, 1226, quoting People v Wyatt, 89 AD3d 112, 128; see People v Jimenez, 178 AD3d 1099, 1100). "If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the [*2]circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism" (People v Young, 186 AD3d 1546, 1548, citing People v Gillotti, 23 NY3d 841, 861; People v Champagne, 140 AD3d 719, 720).
Here, contrary to the defendant's contentions, his score on the "COMPAS risk assessment does not, standing alone, qualify as an appropriate mitigating factor, and the defendant did not identify any specific, unique risk factor on the COMPAS assessment which would serve as a mitigating factor" (People v Rosario, 203 AD3d 1087, 1088). The support provided to the defendant from his parents was "adequately taken into account by the Guidelines' consideration of living arrangements" (see People v Baez, 199 AD3d 1027, 1028). "Moreover, the defendant failed to demonstrate how family and community support established a lower likelihood of reoffense or danger to the community" (People v Fuhrtz, 180 AD3d 944, 947).
In light of the foregoing, we need not reach the parties' remaining contentions.
Accordingly, the County Court properly denied the defendant's request for a downward departure and designated him a level three sex offender.
DUFFY, J.P., IANNACCI, CHAMBERS and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court