People v Morris (2023 NY Slip Op 04387)

People v Morris

2023 NY Slip Op 04387

Decided on August 23, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 23, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
HELEN VOUTSINAS
LILLIAN WAN, JJ.

2021-00789
 (Index No. 2635/13)

[*1]People of State of New York, respondent, 
v
Eric Morris, appellant.

Del Atwell, East Hampton, NY, for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Timothy P. Finnerty and Lauren Tan of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Suffolk County (Chris Ann Kelly, J.), dated December 1, 2020, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of two counts of rape in the first degree, sexual abuse in the first degree, and course of sexual conduct against a child in the first degree, among other crimes. After a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court assessed the defendant 100 points and designated him a level two sex offender. The defendant appeals.
The defendant's contention that he is entitled to a downward departure based upon purported mitigating factors is unpreserved for appellate review, as he failed to request a downward departure at the SORA hearing (see People v Jackson, 209 AD3d 881, 882; People v Bigelow, 175 AD3d 1443, 1444). In any event, contrary to the defendant's contention, he failed to establish his entitlement to a downward departure. "A defendant seeking a downward departure from a presumptive risk level has the initial burden of '(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the . . . Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence'" (People v Umanzor, 189 AD3d 1479, 1480, quoting People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). "If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism" (People v Brocato, 188 AD3d 728, 728-729). Here, the defendant failed to demonstrate the existence of a mitigating factor not already taken into account by the Guidelines that would warrant a downward departure (see People v Gillotti, 23 NY3d at 857). The defendant's assertion that the subject crimes involved one victim was already taken into account by the Guidelines, as the defendant was assessed 0 points [*2]under risk factor 3 (number of victims). Further, although an exceptional response to treatment may qualify as a mitigating factor that warrants a downward departure, here, the defendant failed to prove by a preponderance of the evidence that his response to treatment programs was exceptional (see People v Wolbert, 207 AD3d 483, 484; People v Lyons, 199 AD3d 722, 724).
The defendant's remaining contentions are without merit.
IANNACCI, J.P., WOOTEN, VOUTSINAS and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court