People v Parez (2023 NY Slip Op 05526)

People v Parez

2023 NY Slip Op 05526

Decided on November 1, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 1, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
LINDA CHRISTOPHER
CARL J. LANDICINO, JJ.

2022-01238

[*1]The People of the State of New York, respondent, 
v
Anthony Parez, appellant. Patricia Pazner, New York, NY (Patty C. Walton of counsel), for appellant.

Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Morgan J. Dennehy of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Guy J. Mangano, Jr., J.), entered February 2, 2022, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is reversed, on the law, without costs or disbursements, and the defendant is designated a level one sex offender.
In this proceeding pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court, after a hearing, designated the defendant a level two sex offender. The defendant appeals, challenging, inter alia, the assessment of points under risk factor 4.
"In establishing a defendant's risk level pursuant to SORA, the People bear the burden of establishing the facts supporting the determinations sought by clear and convincing evidence" (People v Crandall, 90 AD3d 628, 629; see Correction Law § 168-n[3]). "In assessing points, evidence may be derived from the defendant's admissions, the victim's statements, evaluative reports completed by the supervising probation officer, parole officer, or corrections counselor, case summaries prepared by the Board of Examiners of Sex Offenders . . . , or any other reliable source, including reliable hearsay" (People v Crandall, 90 AD3d at 629).
The Guidelines provide, in part, regarding risk factor 4, that "an offender has engaged in a continuing course of sexual contact when he [or she] engages in either (i) two or more acts of sexual contact, at least one of which is an act of sexual intercourse, oral sexual conduct, anal sexual conduct, or aggravated sexual contact, which acts are separated in time by at least 24 hours, or (ii) three or more acts of sexual contact over a period of at least two weeks" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 10 [2006]).
In this proceeding, the People failed to meet their burden of proof on risk factor 4 since they failed to establish, by clear and convincing evidence, that the two acts of sexual contact the defendant committed against the victim were separated in time by at least 24 hours (see People v Jarama, 178 AD3d 970, 971; People v George, 142 AD3d 1059, 1060; see also People v Farrell, 142 AD3d 1299, 1300; People v Filkins, 107 AD3d 1069; People v Redcross, 54 AD3d 1116, 1117). Accordingly, the Supreme Court should not have assessed 20 points under risk factor 4.
Without the assessment of points under risk factor 4, the defendant's points total was 60, and that score is within the range for a presumptive level one designation. Accordingly, the Supreme Court should have designated the defendant a level one sex offender.
In light of our determination, we need not reach the defendant's remaining contentions.
DILLON, J.P., DUFFY, CHRISTOPHER and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court