People v Olmedo (2024 NY Slip Op 00918)

People v Olmedo

2024 NY Slip Op 00918

Decided on February 21, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 21, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
DEBORAH A. DOWLING
HELEN VOUTSINAS
LAURENCE L. LOVE, JJ.

2022-03203

[*1]The People of the State of New York, respondent, 
v
Wilmer Olmedo, appellant. Twyla Carter, New York, NY (Sylvia Lara Altreuter of counsel), for appellant.

Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Mariana Zelig of counsel; Lorri A. Zinno on the brief), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Queens County (Jerry M. Iannece, J.), dated March 25, 2022, which, after a hearing, designated him a level two sexually violent offender pursuant to Correction Law article 6-C.
ORDERED that the order is reversed, on the law, without costs or disbursements, and the defendant is designated a level one sexually violent offender.
The defendant pleaded guilty to attempted course of sexual conduct against a child in the first degree in violation of Penal Law §§ 110.00 and 130.75(1)(b) and was sentenced to a term of imprisonment. Following a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court assessed the defendant a total of 75 points, rendering him a presumptive level two sex offender, including 20 points under risk factor 4 for a continuing course of sexual misconduct, and denied the defendant's request for a downward departure. In an order dated March 25, 2022, the court designated the defendant a level two sexually violent offender. The defendant appeals.
"'In establishing a defendant's risk level pursuant to SORA, the People bear the burden of establishing facts supporting the determination sought by clear and convincing evidence'" (People v Bautista, 210 AD3d 1020, 1021, quoting People v Levy, 192 AD3d 928, 929). "For purposes of assessing points under risk factor 4 (duration of offense), the . . . Guidelines specify that 'an offender has engaged in a continuing course of sexual contact when he [or she] engages in either (i) two or more acts of a sexual contact, at least one of which is an act of sexual intercourse, oral sexual conduct, anal sexual conduct or aggravated sexual contact, which acts are separated in time by at least 24 hours, or (ii) three or more acts of sexual contact over a period of at least two weeks'" (People v Jarama, 178 AD3d 970, 970-971, quoting Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 10 [2006]).
Here, the People failed to meet their burden of proof on risk factor 4. Although the People submitted evidence that, in relation to the underlying conviction, the defendant engaged in two or more acts of sexual contact with the victim and that one of those acts was an act of sexual intercourse, the People failed to establish, by clear and convincing evidence, that such acts of sexual contact were separated in time by at least 24 hours (see People v Parez, 221 AD3d 626, 626; People v Jarama, 178 AD3d at 971). The Supreme Court therefore should not have assessed 20 points [*2]under risk factor 4.
Without the assessment of 20 points under risk factor 4, the defendant's points total was 55, which is within the range for a presumptive level one designation. Accordingly, the Supreme Court should have designated the defendant a level one sex offender.
In light of our determination, we need not reach the defendant's remaining contentions.
BRATHWAITE NELSON, J.P., DOWLING, VOUTSINAS and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court