People v Hernandez (2024 NY Slip Op 03504)

People v Hernandez

2024 NY Slip Op 03504

Decided on June 26, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 26, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2022-06995

[*1]The People of the State of New York, respondent,
v
Yovani Hernandez, appellant.

Laurette D. Mulry, Riverhead, NY (Felice B. Milani of counsel; Mark J. Ermmarino on the brief), for appellant.
Christopher J. Clayton, County Attorney, Central Islip, NY (Sarah Skahill and Glenn Green of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the County Court, Suffolk County (Karen M. Wilutis, J.), dated August 18, 2022, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of rape in the first degree and two counts of endangering the welfare of a child. After a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the County Court assessed the defendant a total of 80 points on the risk assessment instrument, denied the defendant's application for a downward departure from the presumptive risk level, and designated him a level two sex offender. The defendant appeals.
"In establishing a defendant's risk level pursuant to SORA, the People bear the burden of establishing facts supporting the determination sought by clear and convincing evidence" (People v Levy, 192 AD3d 928, 929). "In assessing points, evidence may be derived from the defendant's admissions, the victim's statements, evaluative reports completed by the supervising probation officer, parole officer, or corrections counselor, case summaries prepared by the Board of Examiners of Sex Offenders . . . , or any other reliable source, including reliable hearsay" (People v Vasquez, 189 AD3d 1480, 1481 [internal quotation marks omitted]).
Contrary to the defendant's contention, the County Court properly assessed 20 points under risk factor 4 for engaging in a continuing course of sexual misconduct. The assessment of these points was supported by clear and convincing evidence in the record, including the victim's statement that the defendant engaged in sexual intercourse with her on two separate occasions, which were separated by at least 24 hours (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 10 [2006] [hereinafter Guidelines]; People v Green, 216 AD3d 1115, 1117).
Furthermore, the County Court properly assessed 15 points under risk factor 11 for history of drug or alcohol abuse. The assessment of these points was supported by clear and convincing evidence in the record, including the defendant's admission that he was intoxicated at the time of the offense (see People v Villanueva, 143 AD3d 794, 794).
The defendant also failed to establish his entitlement to a downward departure from his presumptive risk assessment level. "A defendant seeking a downward departure from the presumptive risk level has the initial burden of '(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the . . . Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence'" (People v Bigelow, 175 AD3d 1443, 1443, quoting People v Wyatt, 89 AD3d 112, 128). "If this twofold showing is made, the court then 'must exercise its discretion by weighing the aggravating and mitigating factors to determine whether the totality of the circumstances warrants a departure to avoid an over- or under-assessment of the defendant's dangerousness and risk of sexual recidivism'" (People v Adams, 174 AD3d 828, 829, quoting People v Gillotti, 23 NY3d 841, 861). Here, the defendant failed to demonstrate the existence of a mitigating factor not already taken into account by the Guidelines that would warrant a downward departure (see People v Morris, 219 AD3d 847, 848). Further, although an exceptional response to treatment can be the basis for a downward departure, here, the defendant failed to demonstrate by a preponderance of the evidence that his response to treatment was exceptional (see People v Figueroa, 138 AD3d 708, 709).
Accordingly, the County Court properly denied the defendant's application for a downward departure and designated him a level two sex offender.
IANNACCI, J.P., WOOTEN, FORD and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court