People v Wallace (2025 NY Slip Op 04027)

People v Wallace

2025 NY Slip Op 04027

Decided on July 2, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 2, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
DEBORAH A. DOWLING
LILLIAN WAN
PHILLIP HOM, JJ.

2020-06436
2025-05604

[*1]The People of the State of New York, respondent,
v
Nathanael Wallace, appellant.

Twyla Carter, New York, NY (Ashley A. Baxter of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Danielle S. Fenn, and Peter A. Mans of counsel), for respondent.

DECISION & ORDER
Appeals by the defendant from (1) an order of the Supreme Court, Queens County (Deborah Stevens Modica, J.), dated May 22, 2020, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C with respect to Superior Court Information No. 2447/14, and (2) an order of the same court also dated May 22, 2020, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C with respect to Superior Court Information No. 2448/14.
ORDERED that the orders are affirmed, without costs or disbursements.
In October 2014, the defendant was convicted, upon his pleas of guilty, of sexual abuse in the first degree under Superior Court Information (hereinafter S.C.I.) No. 2447/14, and of sexual abuse in the first degree under S.C.I. No. 2448/14. In anticipation of the defendant's release from prison, the Supreme Court conducted a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA). In connection with the defendant's conviction under S.C.I. No. 2447/14, the court assessed the defendant 140 points on the risk assessment instrument, rendering him a presumptive level three sex offender, denied the defendant's application for a downward departure to a risk level two designation, and designated the defendant a level three sex offender. In connection with the defendant's conviction under S.C.I. No. 2448/14, the court assessed the defendant 105 points on the risk assessment instrument, rendering him a presumptive level two sex offender, granted the People's application for an upward departure to a risk level three designation, and designated the defendant a level three sex offender. The defendant appeals.
"'In establishing a defendant's risk level pursuant to SORA, the People bear the burden of establishing facts supporting the determination sought by clear and convincing evidence'" (People v Greenridge, 224 AD3d 852, 853, quoting People v Levy, 192 AD3d 928, 929; see Correction Law § 168-n[3]). "'In assessing points, evidence may be derived from the defendant's admissions, the victim's statements, evaluative reports completed by the supervising probation officer, parole officer, or corrections counselor, case summaries prepared by the Board of Examiners of Sex Offenders . . . , or any other reliable source, including reliable hearsay'" (People v Vasquez, 189 AD3d 1480, 1481 [internal quotation marks omitted], quoting People v Luna, 187 AD3d 805, 806).
The Supreme Court improperly assessed 20 points under risk factor 4 for duration of offense with respect to S.C.I. No. 2447/14. For the purposes of assessing points under risk factor 4 for duration of offense, the Guidelines provide, in relevant part, that "an offender has engaged in a continuing course of sexual contact when he [or she] engages in either (i) two or more acts of sexual contact, at least one of which is an act of sexual intercourse, oral sexual conduct, anal sexual conduct, or aggravated sexual contact, which acts are separated in time by at least 24 hours, or (ii) three or more acts of sexual contact over a period of at least two weeks" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 10 [2006] [hereinafter Guidelines]; see People v Olmedo, 224 AD3d 854, 854-855; People v Parez, 221 AD3d 626, 626). Here, the People failed to meet their burden with respect to risk factor 4. The People's evidence in support of this risk factor consisted only of the case summary, which demonstrated that the defendant subjected two male children to various acts of sexual contact in his home on different occasions, but which failed to demonstrate when the acts of sexual contact occurred relative to one another (see People v Olmedo, 224 AD3d at 854; People v Parez, 221 AD3d at 626; People v Jarama, 178 AD3d 970, 971; People v George, 142 AD3d 1059, 1060). However, even without the assessment of 20 points under risk factor 4, the defendant's point total with respect to S.C.I. No. 2447/14 would have been 120, which remains within the range for a presumptive risk level three designation.
Contrary to the defendant's contention, with respect to both S.C.I. Nos. 2447/14 and 2448/14, the Supreme Court properly assessed 15 points under risk factor 11 for history of drug or alcohol abuse. The People established that the defendant had a history of drug abuse by clear and convincing evidence, including references in the respective case summaries that the defendant admitted a history of using hallucinogens and marijuana during a 2019 substance abuse treatment admission and comprehensive evaluation, his admission to using marijuana while incarcerated, his treatment for substance abuse while incarcerated, and his diagnosis of hallucinogenic use disorder and cannabis use disorder (see People v Miles, 232 AD3d 917, 918; People v Robinson, 231 AD3d 754, 755).
Further, with respect to S.C.I. No. 2447/18, the Supreme Court properly denied the defendant's application for a downward departure from the presumptive risk level three to risk level two. "'A defendant seeking a downward departure from the presumptive risk level has the initial burden of (1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the . . . Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence'" (People v Medina, 209 AD3d 775, 776 [internal quotation marks omitted], quoting People v Jones, 196 AD3d 515, 515; see People v Gillotti, 23 NY3d 841, 861). "'If the defendant makes that twofold showing, the SORA court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an over-assessment of the defendant's dangerousness and risk of sexual recidivism'" (People v Medina, 209 AD3d at 776, quoting People v Sofo, 168 AD3d 891, 891-892; see People v Zubradt, 224 AD3d 856, 856-857). Here, contrary to the defendant's contention, his participation in sex offender treatment and prior criminal record were adequately taken into account by the Guidelines (see People v Zubradt, 224 AD3d at 857; People v Pareja-Hidalgo, 222 AD3d 892, 894). Moreover, "'although a defendant's response to sex offender treatment may qualify as a ground for a downward departure where the response is exceptional'" (People v Pareja-Hidalgo, 222 AD3d at 893, quoting People v Saunders, 209 AD3d 776, 778), the defendant, who was twice removed from sex offender treatment for poor participation and had yet to complete sex offender treatment at the time of the SORA hearing, failed to establish that his response to such treatment was exceptional (see People v Zubradt, 224 AD3d at 857; People v Pareja-Hidalgo, 222 AD3d at 893). Additionally, contrary to the defendant's contention, his score on a COMPAS risk assessment instrument does not, standing along, qualify as an appropriate mitigating factor, and the defendant did not identify any specific, unique risk factor on the COMPAS assessment that would serve as a mitigating factor (see People v Zubradt, 224 AD3d at 857; People v Linares, 217 AD3d 974, 975).
The defendant's contention that, with respect to S.C.I. No. 2448/14, the Supreme Court erred in granting the People's application for an upward departure from the presumptive risk [*2]level two to risk level three is unpreserved for appellate review (see People v Smith, 158 AD3d 654). In any event, the court providently exercised its discretion in granting the People's application for an upward departure. "'Where the People seek an upward departure, they must demonstrate that there exists an aggravating factor of a kind, or to a degree, that is otherwise not adequately taken into account by the [G]uidelines. The People must prove the facts in support of the aggravating factor by clear and convincing evidence'" (People v Arteaga, 236 AD3d 833, 833, quoting People v Cortez, 232 AD3d 675, 676; see Guidelines at 4; People v Wilkerson, 214 AD3d 683, 684). "'[O]nce this burden is satisfied, the SORA court may, in its discretion, choose to upwardly depart if the factor indicates that the point score on the risk assessment has resulted in an under-assessment of the offender's actual risk to the public'" (People v Arteaga, 236 AD3d at 833, quoting People v Cortez, 232 AD3d at 676; see People v Wilkerson, 214 AD3d at 684). Here, the People demonstrated, by clear and convincing evidence, the existence of aggravating factors not adequately taken into account by the Guidelines, including the defendant's concurrent conviction under S.C.I. No. 2447/14 and the acts underlying that conviction, which involved different victims than the acts underlying the defendant's conviction under S.C.I. No. 2448/14 (see People v Arteaga, 236 AD3d at 834; People v Burkhardt, 215 AD3d 696; People v Ciccarello, 187 AD3d 1224; People v Smith, 158 AD3d at 655).
The defendant's remaining contention is unpreserved for appellate review (see People v Marte, 236 AD3d 938, 938) and, in any event, without merit.
Accordingly, with respect to both S.C.I. Nos. 2447/14 and 2448/14, the Supreme Court properly designated the defendant a level three sex offender.
MILLER, J.P., DOWLING, WAN and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court