People v Mendez-Saldivar (2025 NY Slip Op 06089)

People v Mendez-Saldivar

2025 NY Slip Op 06089

Decided on November 5, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 5, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
PAUL WOOTEN
CARL J. LANDICINO
DONNA-MARIE E. GOLIA, JJ.

2021-00475

[*1]The People of the State of New York, respondent,
v
Refugio Mendez-Saldivar, appellant. Steven A. Feldman, Manhasset, NY, for appellant.

Raymond A. Tierney, District Attorney, Riverhead, NY (Christopher Turk and Lauren Tan of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the County Court, Suffolk County (Chris Ann Kelley, J.), dated December 8, 2020, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
On June 21, 2019, the defendant was convicted, upon his plea of guilty, of sexual abuse in the first degree (Penal Law § 130.65[3]). The defendant was sentenced to a determinate term of imprisonment of 3 years, to be followed by 10 years of postrelease supervision. After a hearing conducted pursuant to the Sex Offender Registration Act (SORA) (Correction Law art 6-C), the County Court assessed the defendant 85 points on the risk assessment instrument, rendering him a presumptive risk level two sex offender, and designated the defendant a level two sex offender. The defendant appeals.
"A sex offender facing risk level classification under SORA has a right to the effective assistance of counsel" (People v Lyons, 199 AD3d 722, 724 [internal quotation marks omitted]). "Under the federal ineffective assistance of counsel standard, the defendant must satisfy a two-pronged test in order to establish that counsel was ineffective: (1) 'that counsel's representation fell below an objective standard of reasonableness,' and (2) 'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different'" (People v Wolbert, 207 AD3d 483, 485, quoting Strickland v Washington, 466 US 668, 688, 694). Under the New York standard, the first prong is identical to its federal counterpart, but the second prong is based on the fairness of the process as a whole rather than the impact of counsel's errors on the outcome of the case (see People v Georgiou, 38 AD3d 155, 160). Even under the state standard, however, a claim that counsel was ineffective for failing to make a motion or argument is without merit when such motion or argument had little or no chance of success (see People v Wolbert, 207 AD3d at 485; People v Green, 195 AD3d 754, 755-756). Here, contrary to the defendant's contention, defense counsel was not ineffective for failing to request a downward departure on the grounds that the subject crimes involved one victim and did not involve sexual intercourse. Under the circumstances, such an argument had little or no chance of success, and there is no reasonable probability that the result of the proceeding would have been different (see People v Wolbert, 207 AD3d at 485; see also People v Morris, 219 AD3d 847, 848).
Accordingly, we affirm the order designating the defendant a level two sex offender.
DILLON, J.P., WOOTEN, LANDICINO and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court