People v Gurdon (2025 NY Slip Op 06196)

People v Gurdon

2025 NY Slip Op 06196

Decided on November 12, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 12, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
DEBORAH A. DOWLING
JAMES P. MCCORMACK
SUSAN QUIRK, JJ.

2024-02718

[*1]The People of the State of New York, respondent,
v
Ricardo L. Gurdon, appellant. 

Laurette D. Mulry, Riverhead, NY (Felice B. Milani of counsel), for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Danielle Sciarretta and Lauren Tan of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the County Court, Suffolk County (Karen M. Wilutis, J.), dated March 15, 2024, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant pleaded guilty to rape in the second degree (Penal Law § 130.30[1]) for acts involving a 14-year-old girl. After a hearing conducted pursuant to the Sex Offender Registration Act (SORA) (Correction Law art 6-C), the County Court assessed the defendant 90 points on the risk assessment instrument, resulting in a presumptive risk level two designation, and designated the defendant a level two sex offender. The defendant appeals.
"'In establishing a defendant's risk level pursuant to SORA, the People bear the burden of establishing facts supporting the determination sought by clear and convincing evidence'" (People v Bautista, 210 AD3d 1020, 1021, quoting People v Levy, 192 AD3d 928, 929; see Correction Law § 168-n[3]). "'In assessing points, evidence may be derived from the defendant's admissions, the victim's statements, evaluative reports completed by the supervising probation officer, parole officer, or corrections counselor, case summaries prepared by the Board of Examiners of Sex Offenders . . . , or any other reliable source, including reliable hearsay'" (People v Vasquez, 189 AD3d 1480, 1481, quoting People v Luna, 187 AD3d 805, 806).
Contrary to the defendant's contention, the County Court properly assessed 20 points under risk factor 7 (relationship with victim). The minimal exchange that took place between the victim and the defendant prior to the defendant's commission of the underlying offense does not demonstrate that the defendant was "an actual acquaintance of the victim" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 12 [2006]; see People v DeJesus-Jiminez, 232 AD3d 915, 915; People v Powell, 188 AD3d 734, 734).
Accordingly, the County Court properly designated the defendant a level two sex offender.
CHAMBERS, J.P., DOWLING, MCCORMACK and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court