People v Barrett (2025 NY Slip Op 06740)

People v Barrett

2025 NY Slip Op 06740

Decided on December 3, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 3, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
VALERIE BRATHWAITE NELSON
DEBORAH A. DOWLING
DONNA-MARIE E. GOLIA, JJ.

2022-01142

[*1]The People of the State of New York, respondent,
v
Erik Barrett, appellant. Twyla Carter, New York, NY (Elizabeth Batkin of counsel), for appellant.

Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Michael Bierce, and David Cao of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Guy James Mangano, Jr., J.), dated February 4, 2022, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, after a jury trial, of rape in the first degree (Penal Law § 130.35[1]). After a hearing pursuant to the Sex Offender Registration Act (SORA) (Correction Law art 6-C), the Supreme Court assessed the defendant a total of 155 points on the risk assessment instrument, resulting in a presumptive risk level three designation, and denied the defendant's application for a downward departure to risk level two. The defendant appeals.
"'In establishing a defendant's risk level pursuant to SORA, the People bear the burden of establishing facts supporting the determination sought by clear and convincing evidence'" (People v Howell, 213 AD3d 708, 708 [internal quotation marks omitted], quoting People v Bautista, 210 AD3d 1020, 1021; see Correction Law § 168-n[3]; People v Uver A., 195 AD3d 61, 67). "'In assessing points, evidence may be derived from the defendant's admissions, the victim's statements, evaluative reports completed by the supervising probation officer, parole officer, or corrections counselor, case summaries prepared by the Board of Examiners of Sex Offenders . . . , or any other reliable source, including reliable hearsay'" (People v Fernandez, 222 AD3d 671, 671, quoting People v Vasquez, 189 AD3d 1480, 1481; see People v Guerrero, 236 AD3d 834, 835).
The Supreme Court properly assessed the defendant 30 points under risk factor 5 (age of the victim). Contrary to the defendant's contention, the People established by clear and convincing evidence that the complainant was 65 years old. Here, the recitation in a case summary of the information contained in a presentence report constituted reliable hearsay (see People v Destio, 145 AD3d 1047, 1048; People v Dash, 111 AD3d 907, 908).
Moreover, contrary to the defendant's contention, there was clear and convincing evidence to support the assessment of 20 points under risk factor 13 for unsatisfactory conduct while confined, which included sexual misconduct (see People v Daniel, 196 AD3d 653, 655; People v Gulifield, 174 AD3d 751, 752). "'[T]he Guidelines do not preclude the assessment of points [under risk factor 13] based on remoteness'" (People v Gavalo, 235 AD3d 785, 786, quoting People v Kaff, [*2]149 AD3d 783, 784; see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]).
"A defendant seeking a downward departure from the presumptive risk level has the initial burden of '(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the . . . Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence'" (People v Grubert, 160 AD3d 993, 994, quoting People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 860; People v Coleman, 225 AD3d 792, 794). "If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism" (People v Green, 229 AD3d 814, 815; see People v Gillotti, 23 NY3d at 861; People v Umanzor, 189 AD3d 1479, 1480).
The Supreme Court providently exercised its discretion in denying the defendant's application for a downward departure. Although "advanced age" may constitute a basis for a downward departure (Guidelines at 5), the defendant failed to demonstrate that his age at the time of the SORA hearing, 59 years old, constituted an appropriate mitigating factor that minimized his risk of reoffense (see People v Quinones, 236 AD3d 939, 941; People v Cangiano, 234 AD3d 885, 886; People v Johnson, 232 AD3d 812, 812-813). Moreover, the defendant failed to establish his purported rehabilitation by a preponderance of the evidence (see People v Skipper, 235 AD3d 671, 672; People v Rougeou, 232 AD3d 813, 814).
The defendant's remaining contention is without merit.
IANNACCI, J.P., BRATHWAITE NELSON, DOWLING and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court