People v Dowd

2026 NY Slip Op 02141

April 8, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, respondent,

v

Christian Dowd, appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 8, 2026

2025-02285

Lara J. Genovesi, J.P.

William G. Ford

Helen Voutsinas

Donna-Marie E. Golia, JJ.

Andrew E. MacAskill, Garden City, NY, for appellant.

Anne T. Donnelly, District Attorney, Mineola, NY (Kevin C. King and Francine R. Michel of counsel), for respondent.

[*1]

DECISION & ORDER

Appeal by the defendant from an order of the Supreme Court, Nassau County (Meryl J. Berkowitz, J.), dated February 14, 2025, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

ORDERED that the order is affirmed, without costs or disbursements.

The defendant was convicted, upon his plea of guilty, of attempted criminal sexual act in the second degree and attempted rape in the second degree. After a hearing pursuant to the Sex Offender Registration Act (SORA) (Correction Law art 6-C), the Supreme Court assessed the defendant a total of 165 points on the risk assessment instrument and designated him a level three sex offender. The defendant appeals, challenging the assessment of points under risk factors 4 (duration of offense conduct with victim), 7 (relationship with victim), and 12 (acceptance of responsibility). The defendant also requests a remittal for a determination as to whether he was entitled to a downward departure.

"In establishing a defendant's risk level pursuant to SORA, the People bear the burden of establishing facts supporting the determination sought by clear and convincing evidence" (People v Levy, 192 AD3d 928, 929). "In assessing points, evidence may be derived from the defendant's admissions, the victim's statements, evaluative reports completed by the supervising probation officer, parole officer, or corrections counselor, case summaries prepared by the Board of Examiners of Sex Offenders . . . , or any other reliable source, including reliable hearsay" (People v Vasquez, 189 AD3d 1480, 1481 [internal quotation marks omitted]).

The defendant correctly contends that the Supreme Court improperly assessed 20 points under risk factor 4 for duration of offense. For the purposes of assessing points under risk factor 4, the Guidelines provide that "an offender has engaged in a continuing course of sexual contact when he engages in either (i) two or more acts of sexual contact, at least one of which is an act of sexual intercourse, oral sexual conduct, anal sexual conduct, or aggravated sexual contact, which acts are separated in time by at least 24 hours, or (ii) three or more acts of sexual contact over a period of at least two weeks" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 10 [2006] [hereinafter Guidelines]; see People v Wallace, 240 AD3d 527, 528). Here, the People failed to meet their burden of establishing, by clear and convincing evidence, that the acts of sexual contact the defendant committed against the victim were separated in time by at least 24 hours (see People v Parez, 221 AD3d 626, 626). However, even without the assessment of 20 points under risk factor 4, the defendant's point total would have been 145, which remains within the range for a presumptive risk level three designation.

Contrary to the defendant's contention, the Supreme Court properly assessed 20 points under risk factor 7. The Guidelines provide for an assessment of 20 points to a defendant, in relevant part, if his or her crime "(i) was directed at a stranger or a person with whom a relationship had been established or promoted for the primary purpose of victimization" (Guidelines at 12). The term "stranger" is defined as "anyone who is not an actual acquaintance of the victim" (id.).

Here, the People established, by clear and convincing evidence, that the defendant's relationship with the victim had been established or promoted for the primary purpose of victimization, where the defendant, who was 23 years old at the time, contacted the 14-year-old victim over social media, learned of her age, and asked her to come to his home, where he engaged in sexual intercourse with her approximately 14 times. This evidence was sufficient to support the assessment of points under subsection (i) of risk factor 7 (see People v Jony, 219 AD3d 1438, 1439).

Further, the Supreme Court properly assessed 15 points under risk factor 12. Under risk factor 12, a court may assess 15 points to an offender who has refused or been expelled from a sex offender program (see Guidelines at 15). Here, as the People established by clear and convincing evidence that the defendant was expelled from treatment on two separate occasions, the assessment of points under risk factor 12 was warranted (see People v Harris, 100 AD3d 727, 728).

The defendant's contention that the matter should be remitted to determine whether he should be granted a downward departure from his presumptive risk level on the ground that the assessment of points under risk factors 4, 7, and 12 resulted in an overassessment of his risk is unpreserved for appellate review, as he failed to request a downward departure on this basis at the SORA hearing (see CPL 470.05[2]; People v Howell, 213 AD3d 708, 709). In any event, the contention is without merit (see People v Howell, 213 AD3d at 709).

GENOVESI, J.P., FORD, VOUTSINAS and GOLIA, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court